Hon. Peter G. Striphas County Attorney, Orange County
This is in response to your letter received March 30, 1978, wherein you ask for an opinion of the Attorney General whether the County of Orange may enact a local law requiring the giving of prior notice of defects before an action could be maintained against the County for damages or injuries sustained by reason of any highway, bridge or culvert being defective or out of repair similar to the provisions of Town Law, §65-a (1).
Town Law, § 65-a (1), provides in part:
 "1. No civil action shall be maintained against any town or town superintendent of highways for damages or injuries to person or property sustained by reason of any highway, bridge or culvert being defective, out or repair, unsafe, dangerous or obstructed unless written notice of such defective, unsafe, dangerous or obstructed condition of such highway, bridge or culvert was actually given to the town clerk or town superintendent of highways, and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of * * *."
New York State Constitution, Article IX, § 2(c)(5) and (6), provides in part:
 "(c) In addition to powers granted in the statute of local governments or any other law * * * (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
* * *
 "(5) The presentation, ascertainment and discharge of claims against it.
 "(6) The acquisition, care, management and use of its highways, roads, streets, avenues and property."
Municipal Home Rule Law, § 10(1)(a)(5) and (6), implements the constitutional provisions.
In Fullerton v City of Schenectady, 285 App. Div. 545 (3d Dept, 1955), affd 309 N.Y. 701, rearg den 309 N.Y. 855, app dsmd 76 S Ct 468, the Court upheld the validity of a local law adopted in 1935 (Local Law, 1935, No. 6 of the City of Schenectady) which amended and superseded section 244 of the Second Class Cities Law so as to require, as a condition precedent to the maintenance of any action against the City for damages sustained in consequence of any defective sidewalk, that written notice of the defect should be given to the City's Commissioner of Public Works at least 24 hours prior to the accident. In upholding the validity of said local law, the Court stated in part:
 "Section 3 of article XII of the State Constitution, in effect at the time the local law was enacted, provided in part: `Every city shall have power to adopt and amend local laws not inconsistent with the constitution and laws of the state relating to * * * the transaction of its business, the incurring of its obligations, the presentation, ascertainment and discharge of claims against it, the acquisition, care, management and use ot its streets and property'. (Emphasis supplied.)
* * *
 Passing to the City Home Rule Law (§ 11, subd. 1) as it existed at the time (L. 1924, ch. 363, as amd. by L. 1928, ch. 670), it may be noted that its language followed that of the constitutional provision in almost identical words. * * *"
It will be noted that the then constitutional provisions and the city home rule provisions were almost identical with provisions contained in the new New York State Constitution, Article IX, § 2(c)(5) and (6) and Municipal Home Rule Law, § 10(1)(a)(5) and (6).
From all of the foregoing, we conclude that the County of Orange is authorized to enact a local law requiring the giving of prior notice of defects before an action could be maintained against the County for damages or injuries sustained by reason of any highway, bridge or culvert being defective or out of repair.